ROBERT C. BORRIS JR., ESQ. #85415
21550 Foothill Blvd
Hayward, CA 94541
(510) 581 7111 Fax 582 6729
rborrisjr@aol.com

Attorney for Debtors

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | ) Chapter 11 N0 10-45900 |
| | ) |
| TRI TRONG DO & LILY CAI DO | ) DEBTORS' SIXTH AMENDED |
| | ) CHAPTER 11 PLAN OF |
| Debtors | ) REORGANIZATION ON FOURTH |
| | ) AMENDED DISCLOSURE |
| | ) STATEMENT |
| | ) |
| | ) **Confirmation Hearing**: |
| | ) **March 22, 2012** |
| | ) **@9:30 AM** |
| | ) **Dept 215** |
| | ) **Judge M. Elaine Hammond** |

Debtors TRI TRONG DO & LILY CAI DO (hereinafter referred to in the singular as "Debtor") hereby present the following Sixth (6th) Amended Chapter 11 Plan of Reorganization:

## **INTRODUCTION**

This Plan of reorganization (the Plan) provides for the restructuring of the debts of

TRI TRONG DO & LILY CAI DO.  If confirmed, the Plan will bind all creditors provided for in the Plan, whether or not they file a proof of claim or accept the Plan, and whether or not their claims are allowed.

All creditors should refer to Parts 1 and 2 of the Plan for information regarding the precise treatment of their claims.  The Disclosure Statement provides additional information and is circulated with the Plan.  Note that this Disclosure Statement is descriptive and explanatory only; the language used in the Plan is binding.  Your rights may be affected.  You should read these papers carefully and discuss them with your attorney, if you have one.

**PART 1:  SECURED CREDITORS- CLASSES & TREATMENT**

**Class 1: Chase Home Finance LLC** holds a purchase money note secured by first deed of trust upon the Debtor's residence known as 86 Arundel Dr, Hayward, CA in the sum of $1,253,883.92. The pre petition arrears are $70,541.17. <u>The Debtor shall reaffirm this obligation as hereinafter set forth.</u> Debtor shall pay fully amortized monthly payments @5.625% per the Note in the sum of $6,900.00 until the Note is paid (subject to adjustments per the Note). Since June 1, 2010 the Debtors have been paying $10,000.00 per month to Class 1. The monthly interest only amount for said Note is $5,578.00. The prepetition arrears of $70,541.17 have been reduced by $75,174.00

(10,000-5,578 x 17 mths) leaving a pre-petition arrears balance of $-0- and a credit of $4,632.83. Said creditor shall retain its lien against the property. <u>Class I is not impaired</u>.

**Class 2: Chase Home Finance LLC** holds a note secured by second deed of trust upon the Debtor's residence in the sum of $200,000.The Debtor will move to value the secured lien of said creditor @ -0- and upon successful completion of the Debtor's Plan the lien shall be void. Said creditor's claim shall be treated as a general unsecured claim without priority (infra). Until such time as Debtor completes this Plan said creditor shall retain its rights under applicable state law. <u>Said claim is impaired.</u>

**Class 3: Wells Fargo Mortgage** holds a note secured by first deed of trust in the amount of $278,608.91 against the Debtor's rental real property known as 1609 Via Tovita, San Lorenzo, California. The Debtor has surrendered this property and Class 3 shall retain its lien. <u>Class 3 is not impaired</u>.

**Class 4: Chase Home Finance LLC** holds a note secured by second deed of trust against Debtor's rental real property known as 1609 Via Tovita, San Lorenzo, California in the sum of $200,000.The Debtor has surrendered this property and Class 4 shall retain its lien. <u>Class 4 is not impaired</u>

**Class 5: America's Servicing Company** holds a note secured by first deed of trust against the Debtor's rental real property known as 2544 Spindrift Circle, Hayward, California in the sum of $621,000.00. The Debtor has surrendered this property and

Class 5 shall retain its lien. Class 5 is not impaired.

**Class 6: Chase Home Finance LLC** holds a note secured by second deed of trust against the Debtor's rental real property known as 2544 Spindrift Circle, Hayward, California in the sum of $185,000.00. The Debtor has surrendered this property and Class 3 shall retain its lien. Class 6 is not impaired.

**Class 7: BMW of NorthAmerica LLC** holds a loan secured by a purchase money security interest in the sum of $32,329.00 against the Debtor's 2008 BMW 335i. Said loan is current and Debtor shall reaffirm said loan. Said creditor shall retain its lien against the vehicle. Class 7 is not impaired.

**Class 8: Bank of Stockton** holds a loan secured by a purchase money security interest in the sum of $11,901.00 against the Debtor's 2006 Toyota Sequoia. Said loan is current and Debtor shall reaffirm said loan. Said creditor shall retain its lien against the vehicle. Class 8 is unimpaired

## PART 2: GENERAL UNSECURED CREDITORS WITHOUT PRIORITY

**Class 9: General Unsecured Claims.** Every general unsecured creditor (including any resulting unsecured claims from Classes 1 through 6 above) who will join Class 9) shall be paid **25%** percent of its allowed claim in **60 equal total monthly installments of $3,013.00**, without interest. Payments will be due on the 10th day of the

month, starting 30 days following confirmation of this Plan.

| Creditor | Claim or Sched | 25% of Claim | Annual pmt | Monthly pmt |
|---|---|---|---|---|
| Bank of America | 130 | 32.5 | 6.5 | .54 |
| BMW Financial Services | 10000 | 2500 | 500 | 41.67 |
| Capital One, Claim #10 | 256 | 64 | 12.8 | 1.07 |
| Chase Bank USA #8 | 16330 | 4082.50 | 816.5 | 68.04 |
| Chase Bank USA #14 | 8648 | 2162 | 432.40 | 36 |
| Chase Bank USA #7 | 8162 | 2040.5 | 408 | 34.01 |
| Citibank Card | 15047 | 3762 | 752 | 63 |
| Discover Fin Svcs LLC | 6965 | 1741 | 348 | 29 |
| Discover Fin SVCS LLC | 6936 | 1734 | 347 | 29 |
| FEB/Fry's | 3749 | 937 | 187 | 15.62 |
| Macy's | 2915 | 729 | 146 | 12 |
| Nelnet Loans | 622 | 156 | 31 | 2.6 |
| UNVL/Citibank | 26281 | 6570 | 1314 | 110 |
| VISA DSNB | 3082 | 771 | 154 | 13 |
| Wells Fargo Bank | 19636 | 4909 | 982 | 82 |
| Wells Fargo Bank | 9347 | 2337 | 467 | 39 |
| Chase Class 2 | 200000 | 50000 | 10000 | 833 |
| Chase Class 4 | 200000 | 50000 | 10000 | 833 |
| Chase Class 6 | 185000 | 46250 | 9250 | 771 |
|  | 723,106.00 | 180776 | 36155 | 3013 |

Creditors in this class may not take any collection action against Debtor so long as Debtor is not in Material Default in performing its obligations under the Plan. "Material Default" is defined in Part 10. <u>This class is impaired</u> and is entitled to vote on confirmation of the Plan. For instructions re voting and objections to confirmation see the Disclosure Statement.

**Class 10: General Unsecured Claim <u>Convenience Class</u>:**

Creditors in this class include all creditors with unsecured claims without priority (1) whose claims are $500.00 or less or (2) claimants with claims of $500.00 or more who are willing to accept $500.00 as payment in full of their claims. Said creditors shall be paid in full on the Effective Date of the Plan.

**PART 3: PRIORITY CLAIMS AND EXPENSES OF ADMINISTRATION**

(a) <u>Professional Fees</u>. Professional fees may be paid only upon application and approval by the Bankruptcy Court. Holders of administrative claims for unpaid professional fees are not entitled to vote on confirmation of the Plan.

(1) Debtor will pay the following professional fees as follows after approval by the court of said fees as hereinafter set forth.

| Name and Role of Professional | Estimated Amount |
|---|---|
| Robert C. Borris Jr., Esq., counsel for Debtors | 7,500.00 |

(2) Upon approval of said fees by the Court, Debtors' counsel, Robert C Borris Jr., Esq. has agreed to accept payment in full over time without interest as follows. Payments will be made monthly, due on the 10th day of the (month/quarter), starting 6 months after confirmation

| Name and Role of Professional | Estimated Amount of Claim | Payment Amount | Number of Payments |
|---|---|---|---|

| Robert C. Borris Jr., Esq. | 7,500 | 250 | 30 |

Administrative priority creditors may not take any collection action against Debtor so long as Debtor is not in Material Default in performing its obligations under the Plan. Material Default is defined in Part 10.

(b) <u>Other Administrative Claims</u>. Debtor will pay other claims entitled to priority under section 503(b), if any, in full on the Effective Date. Ordinary course of business payments will be made when due. Holders of administrative claims are not entitled to vote on confirmation of the Plan. Administrative priority creditors may not take any collection action against Debtor so long as Debtor is not in Material Default in performing its obligations under the Plan. Material Default is defined in Part 10.

(c) <u>Tax Claims</u>. Debtor will pay claims entitled to priority under section 507(a)(8) in full over time with interest in equal amortizing payments in accordance with section 511 of the Bankruptcy Code. <u>At this time there are no such claimants</u>. Priority tax creditors may not take any collection action against Debtor so long as Debtor is not in Material Default in performing its obligations under the Plan. Material Default is defined in Part 10 (d) <u>Priority Wage Claims</u>. There are no such claims in this proceeding.

(d) <u>Employee Benefit Plans</u>. There are no such claims in this proceeding.

**PART 4: EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

Executory Contracts/Leases Assumed.

(a) There are no such Contracts or Leases to be assume, as Debtors own both real properties and lease no equipment.

(b) Executory Contracts/Leases Rejected. There are no such Contracts or Leases

## PART 5: EQUITY INTERESTS

The Debtors shall retain their interests with their legal and equitable rights unaltered by the Plan. This class is not impaired and not entitled to vote on confirmation of the Plan. See 9 (b), infra.

## PART 6: DISPUTED CLAIMS

(a) Distribution on Allowed Claims. Debtor will make distributions only on account of undisputed claims. If a creditor has filed a proof of claim, that claim is considered disputed only if a party-in-interest has filed an objection to the claim. If a party has not filed a proof of claim, but its claim is listed in Debtor's schedules and is not scheduled as disputed, contingent, or unliquidated, such claim is considered disputed only if a party-in-interest has filed an objection to the claim. Listing a claim as disputed in the Plan, without filing an objection to the claim, does not make the claim a disputed claim.

(b) <u>Delayed Distribution on Disputed Claims</u>.  Debtor will make no distribution on account of a claim to which an objection has been filed by a party-in-interest, until such claim is allowed by a final order.  Instead, Debtor will establish and hold an appropriate reserve pending determination of the disputed claims, and will pay the appropriate amount to claimant once the dispute is resolved.

© <u>Settlement of Disputed Claims</u>.  The Debtor is authorized to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## PART 7:  LAWSUITS

(a) There are no potential lawsuits/adversary proceedings in this case.

(b)  Debtor retains, and may seek to enforce, all claims against parties *other than* creditors of the estate, or officers, agents, or other parties related to creditors of the estate.

## PART 8: IMPLEMENTATION & MEANS OF EXECUTION

Income to implement the Plan shall come from three (3) sources: Husband's salary from Takeda Pharmaceuticals where he is a research associate (approximately $6,708.00 per month), Wife's salary from her real estate brokerage selling REOs (approximately

$10,000 per month and increasing with diminishing Recession). With the Debtor surrendering both rental properties the negative monthly cash flow attributable thereto is eliminated (approximately $1,750-2,000).

**PART 9: DISCHARGE AND OTHER EFFECTS OF CONFIRMATION**

(a) <u>Discharge</u>.  The Debtor obtains a discharge upon payment of all debts provided for in the Plan, whether or not the creditor files a proof of claim, whether or not the creditor accepts the Plan, and whether or not the creditor's claim is allowed, except as provided in section 1141 of the Bankruptcy Code.

(b) <u>Vesting of Property</u>.  On the Effective Date, all property of the estate will vest in the reorganized Debtor pursuant to § 1141(b) of the Code free and clear of all claims and interests except as provided in this Plan, subject to revesting upon conversion to chapter 7 as provided in Part 10(f) below, provided that the vesting of said property will be without prejudice and will not act as a bar to a post-confirmation motion to convert this case to one under chapter 7 by any party-in-interest on any appropriate grounds.  The granting of such motion will revest all of the Debtor's property not already administered into the chapter 7 estate.

(c) <u>Plan Creates New Obligations</u>.  Except as provided in Part 10, paragraph (e), the obligations to creditors that Debtor undertakes in the confirmed Plan replace those

obligations to creditors that existed prior to the Effective Date of the Plan. Debtor's obligations under the confirmed Plan constitute binding contractual promises that, if not satisfied through performance of the Plan, create a basis for an action for breach of contract under California law. To the extent a creditor retains a lien under the Plan, that creditor retains all rights provided by such lien under applicable non-Bankruptcy law.

**PART 10: REMEDIES IF DEBTOR DEFAULTS IN PERFORMING THE PLAN**

(a) <u>Automatic Stay Vacated</u>. The automatic stay of section 362(a) of the Bankruptcy Code terminates as of the Effective Date of the Plan.

(b) <u>Creditor Action Restrained</u>. The confirmed Plan is binding on every creditor whose claims are provided for in the Plan. Therefore, notwithstanding paragraph (a) above, a creditor may not take any action to enforce either the pre-confirmation obligation or the obligation due under the Plan, so long as Debtor is not in Material Default under the Plan, as defined in paragraph (c) below.

(c) <u>Material Default Defined</u>. If Debtor fails to make any payment required under the Plan, or to perform any other obligation required under the Plan, for more than 10 calendar days after the time specified in the Plan for such payment or other performance, the affected creditor or the US Trustee may serve upon Debtor and Debtor's attorney (if any) a written notice of Debtor's default. If Debtor fails within 20 calendar days after the

date of service of the notice of default either: (i) to cure the default; or (ii) to obtain from the court an extension of time to cure the default, or a determination that no default occurred, then Debtor is in Material Default under the Plan.

(d) <u>Remedies Upon Material Default</u>.  Upon Material Default, an affected creditor may:

> (i) Take any actions permitted under applicable non-Bankruptcy law to enforce the obligation due the affected creditor under the Plan, and may accelerate the time for performance of all payments and other performance due to the creditor over the course of the Plan and not yet performed at the time of the Material Default; or
>
> (ii) File and serve a motion to convert the case to one under chapter 7.

(e) <u>Claims not Affected by Plan</u>.  Upon confirmation of the Plan, any creditor whose claims are left unimpaired under the Plan may, notwithstanding paragraphs (a), (c), and (d) above, immediately exercise all of its contractual, legal, and equitable rights, except rights based on default of the type that need not be cured under section 1124(2)(A) and (D).

(f) <u>Effect of Conversion to Chapter 7</u>.  If the case is at any time converted to one under chapter 7:

> (i) All property of th Debtor as of the date of conversion, whether acquired

pre-confirmation or post-confirmation, shall vest in the chapter 7 bankruptcy estate; and

(ii) All creditors, whether their claims arose pre-confirmation or post-confirmation, are prohibited from taking action against the chapter 7 bankruptcy estate or property of the estate by section 362 of the Bankruptcy Code.

(g) <u>Retention of Jurisdiction.</u> This court shall retain jurisdiction over proceedings: (i) to determine whether Debtor has defaulted in performance of any Plan obligation; (ii) to determine whether the time for performing any Plan obligation should be extended; (iii) to determine whether the case should be converted to one under chapter 7 (and proceedings following any such conversion); (iv) to determine whether Debtor is in Material Default; and (v) enforcement action permitted under paragraph (d)(1) of Part 10, above; and (vi) to hear and resolve any disputes, fee applications, claim objections and other administrative matters concerning the Plan.

## PART 11: GENERAL PROVISIONS

(a). <u>Effective Date of Plan.</u> The Effective Date of the Plan is the eleventh business day following the date of the entry of the order of confirmation, if no notice of appeal from that order has been filed. If a notice of appeal has been filed, the Plan proponent

may waive the finality requirement and put the Plan into effect, unless the order confirming the Plan has been stayed. If a stay of the confirmation order has been issued, the Effective Date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

(b) <u>Cramdown</u>. Pursuant to section 1129(b) of the Bankruptcy Code, Debtor reserves the right to seek confirmation of the Plan notwithstanding the rejection of the Plan by one or more classes of creditors.

(c) <u>Severability</u>. If any provision in the Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of the Plan.

(d) <u>Binding Effect</u>. The rights and obligations of any entity named or referred to in the Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

(e) <u>Captions</u>. The heading contained in the Plan are for convenience of reference only and do not affect the meaning or interpretation of the Plan.

(d) <u>Controlling Effect</u>. Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of California govern the Plan and any agreements, documents, and instruments

executed in connection with the Plan, except as otherwise provided in the Plan.

(e) The Debtor shall timely file quarterly reports in the form prescribed by the Office of the US Trustee and shall pay quarterly fees pursuant to 28 USC 1930 until the case is dismissed, converted or closed.

(f) <u>Notices</u>.  Any notice to the Debtor shall be in writing and mailed, and will be deemed to have been given three days after the date sent by first class mail, postage prepaid and addressed as follows:

Robert C. Borris Jr., Esq.
21550 Foothill Blvd
Hayward CA 94541
(510) 581 7111 fax 582 6729  rborrisjr@aol.com

WHEREFORE Debtors request that creditors vote to accept this Plan.

February 7, 2012

                                             /s/ Robert C. Borris Jr., Esq.
                                             Attorney for Debtors

                                             /s/ Tri Trong do
                                             /s/ Lily Cai Do
                                             Joint Debtors

<u>COURT SERVICE LIST</u>

Matthew Kretzer, Esq.
Office of the US Trustee
1301 Clay Street 690N
Oakland CA 94612

BMW Financial Services NA, LLC
c/o Ascension Capital Group
P.O. BOX 201347
ARLINGTON, TX 76006

Linh K. Tran/Roundup Funding
Weinstein, Treiger and Riley
2101 4th Ave. #900
Seattle, WA 98121

CA Employment Development Dept.
|Bankruptcy Group MIC 92E|
P.O. Box 826880|
Sacramento, CA 94280-0001

U.S. Attorney |Civil Division|
450 Golden Gate Ave.|
San Francisco, CA 94102-3400

CA Franchise Tax Board |
Special Procedures Bankruptcy Unit
|P.O. Box 2952|
Sacramento, CA 95812-2952

IRS
Bankruptcy Unit
1301 Clay Street 1000S
Oakland CA 94612